NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK GHIORSO,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY, a Texas<br>corporation,<br><br>  Defendant-Appellee. | No.  16-35943<br><br>D.C. No. 1:16-cv-00019-SPW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 7, 2018
Portland, Oregon

Before:  FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Julia Rushing-Ghiorso was insured under an accidental death and

dismemberment ("AD & D") policy issued by American General Life Insurance

Company ("American General").  After she died from an overdose of prescribed

medications, Patrick Ghiorso (her son) submitted a claim under the policy to

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

American General. American General denied the claim, because it concluded that Julia Rushing-Ghiorso's death had not resulted from an "accidental injury" as defined in the policy. Patrick Ghiorso filed a declaratory judgment action, asserting that American General was required to pay the death benefit.

The district court granted American General's motion for summary judgment, concluding that "under the plain language of the policy, Julia's death was not an 'accidental injury' and is not covered." We vacate and remand for further proceedings.

1. Under Montana law, "certain insurance coverages may come within the definitions of two or more kinds of insurance." Mont. Code Ann. § 33-1-205; *see also Golt v. Aetna Life Ins. Co.*, 2 P.3d 841, 844 (Mont. 2000) ("Montana law further provides that different classes of insurance may overlap."). In this case, the American General AD & D policy falls under "disability insurance," which includes insurance "against bodily injury, disablement, or death by accident or accidental means." Mont. Code Ann. § 33-1-207(1)(a); *see Golt*, 2 P.3d at 847 ("[A]ccidental death coverage is disability insurance."). We disagree with the district court that the AD & D policy fits within the definition of miscellaneous casualty insurance, because it meets the definition of disability insurance. *See* Mont. Code Ann. § 33-1-206(1)(r) (defining "miscellaneous" insurance as "insurance against any other kind of loss, damage, or liability properly a subject of insurance and not within any

2

other kind of insurance as defined in this part").

2. In Montana, disability insurance policies may not contain any provision "less favorable to the insured or the beneficiary than the provisions of parts 1 through 4 of [Chapter 22 of Title 33 of the Montana Code]." *See* Mont. Code Ann. § 33-22-203(1). The policy's definition of "accidental injury" expressly excludes all injury caused by "medicine." In contrast, Mont. Code Ann. § 33-22-231 only permits a disability policy to exclude coverage for deaths caused by "the insured's being intoxicated or under the influence of any narcotic *unless administered on the advice of a physician*." *Id*. § 33-22-231 (emphasis added). To the extent the two conflict, the statutory language controls. *See id.* § 33-22-203(4); *Marie Deonier & Assocs. v. Paul Revere Life Ins. Co.*, 9 P.3d 622, 630–32 (Mont. 2000). It is irrelevant that the language in the American General policy is in the section of the policy describing coverage, rather than the section listing exclusions. The "less favorable" language in § 33-22-203 applies to "any *provision*." Mont. Code. Ann. § 33-22-203 (emphasis added).

3. The question remains whether Julia Rushing-Ghiorso's death was in fact a "consequence of the insured's being intoxicated or under the influence of any narcotic . . . administered on the advice of a physician." *Id.* § 33-22-231. Because the district court did not address that issue, we decline to do so in first instance on

3

appeal. We also express no opinion on whether the issue can be resolved at summary judgment or instead must be decided by a trier of fact.[1]

The parties shall bear their own costs on appeal.

**VACATED and REMANDED**.

---

[1] We deny American General's motion to strike portions of Ghiorso's reply brief. **Dkt. 26**.